UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE | CIVIL ACTION |
| VERSUS | NO:      05-6482 c/w
                 06-1297 |
| HENRY PROVOSTY | SECTION: "S" (4) |

### ORDER

Before the Court is a **Motion to Quash Notice of Deposition (doc. # 39)** filed by the defendant, Henry S. Provosty, seeking an order from the Court quashing his deposition noticed by the plaintiff, Auto Club Family Insurance Company ("AAA"). AAA did not file an opposition motion. The motion was heard on the briefs on August 9, 2006.

I.      **Factual and Procedural Background**

This case arises from an insurance payment dispute between Provosty and AAA concerning the proper payment under an insurance policy purchased by Provosty and written by AAA. Provosty alleges that any damage to his home from Hurricane Katrina resulted from wind and rain damage and not the subsequent flooding caused by the subsequent levee breaches. AAA filed a declaratory action on December 13, 2005, seeking a judicial determination of whether the damage caused by Katrina is covered under Provosty's policy.

On February 16, 2006, Provosty filed a petition for declaratory judgment in Civil District

Court for Orleans Parish seeking a judicial determination that his policy covered the damage caused by Katrina. This action was later removed to this Court and consolidated with the earlier action.

On June 28, 2006, AAA filed a motion to compel the deposition of Provosty, and after an oral hearing, this Court denied the motion to compel because Provosty had not been properly noticed for deposition. (*See* Rec Doc. No. 45). AAA then noticed Provosty for deposition on July 26, 2006, and the subject motion then followed.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." However, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2).

The decision to enter a protective order is within the Court's discretion. *Thomas v Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective

2

order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

**III.   Analysis**

Provosty contends that good cause supports the quashing of AAA's subpoena because he filed a motion to disqualify AAA's counsel on June 28, 2006. (*See* Rec Doc. No. 28). The motion was pending before the District Court when Provosty filed the subject motion. Provosty contends that if he is deposed by AAA's current counsel, and then the District Court grants his motion to disqualify, he would be subject to duplicative exams by AAA's replacement counsel. Accordingly, he contends that the deposition could result in the possible duplication of discovery proceedings and unnecessary expense and thus should be quashed pending the District Court's decision.

However, on August 9, 2006, the day subject motion was set for hearing, the District Court denied Provosty's motion to disqualify counsel. (*See* Rec. Doc. No. 46). Thus, Provosty would not be subject to duplicative depositions and therefore he has not provided the Court with the good cause necessary to quash the subpoena.

Accordingly,

**IT IS ORDERED** that Provosty's **Motion to Quash Notice of Deposition (doc. # 39)** is **DENIED.**

New Orleans, Louisiana, this 17th day of August 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**