UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE | CIVIL ACTION |
| VERSUS | NO:     05-6482 c/w<br>               06-1297 |
| HENRY PROVOSTY | SECTION: "S" (4) |

### ORDER

Before the Court is an **Ex Parte Motion for Expedited Hearing on Motion to Quash (doc. # 121)** filed by the defendant, Henry S. Provosty seeking an expedited hearing on his **Motion to Quash Notice of Deposition (doc. # 120)**. The motion to expedite is granted.

The Court turns to the Motion to Quash Notice of Deposition which seeks to quash a deposition of Officer Nicole P. Jones noticed for hearing on April 30, 2007.

### I.     Background

This case arises from an insurance payment dispute between Provosty and AAA concerning the proper payment under an insurance policy purchased by Provosty and written by AAA. Provosty alleges that any damage to his home from Hurricane Katrina resulted from wind and rain damage and not the subsequent flooding caused by the subsequent levee breaches. He also alleged damages from looting. AAA filed a declaratory action on December 13, 2005, seeking a judicial determination of whether the damage caused by Katrina is covered under Provosty's policy.

On February 16, 2006, Provosty filed a petition for declaratory judgment in Civil District Court for Orleans Parish seeking a judicial determination that his policy covered the damage caused

by Katrina. This action was later removed to this Court and consolidated with the earlier action.

At some point, the record is not clear as Provosty has not provided this Court with a copy of the notice of deposition, AAA noticed Officer Nicole P. Jones for a deposition. Officer Jones was the investigating officer for Provosty's looting claim. This motion followed.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party..." The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979).

The decision to enter a protective order is within the Court's discretion. *Thomas v Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders. It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

FED. R. CIV. P. 26(c).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

## III.    Analysis

Provosty contends that because he dropped his looting claim, Officer Jones's deposition is

irrelevant to any claim or defense of either party in this suit.  He also contends that her deposition is irrelevant because his house was gutted and sold at the time she prepared her report and thus she was unable to investigate his premises.  He contends that because Jones's deposition is not relevant, the deposition should be quashed.

The Court first notes Provosty failed comply with L.R. 7.4.  This Rule requires that "the movant shall file with the clerk and serve upon opposing counsel a copy of all documentary evidence he or she intends to submit in support of the motion."  L.R. 7.4.  Although Provosty references the notice in his motion, indeed the notice is the basis of his motion, no notice is attached.  Thus, the motion is denied on procedural grounds for failing to comply with the Local Rules.

Further, the Court notes that although Provosty dismissed the looting claim on March 15, 2007, the deposition of the investigating police officer could still be relevant to the issues in this case.  Provosty continues to assert bad faith claims against AAA for their alleged failure to timely pay on his claim.  AAA should be able to develop a defense to his claims and part of the defense may relate to the looting of Provosty's house.  Thus, the motion to quash is denied on the merits as well.

Accordingly,

**IT IS ORDERED** that Provosty's **Ex Parte Motion for Expedited Hearing on Motion to Quash (doc. # 121)** is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Provosty's **Motion to Quash Notice of Deposition (doc. # 120)** is **DENIED.**

New Orleans, Louisiana, this 26th day of April 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3